**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLES MUHAMMAD,** )  | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | 3:06-CV-1369-P |
| ) | | ECF |
| **LOUISIANA COSHATTA,** ) | | |
| Defendant. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an unspecified civil action.

Parties: Plaintiff resides in Houston, Texas. Defendant is Louisiana Coshatta. The Court did not issue process in this case, pending preliminary screening.

Findings and Conclusions: On July 31, 2006, Plaintiff filed this action in person, at the District Clerk's Office in the Dallas Division, under the name of Charles Muhammad. Contemporaneously with the filing of this action, Plaintiff filed two additional actions. *See Muhammad v. Fort Worth Mayor*, 3:06cv1368-G, and *Muhammad et al. v. Starbucks Coffee, et al.*, 3:06cv1370-D. Seven days earlier, Plaintiff filed in person, at the Dallas District Clerk's Office, two additional actions under the name of Charles Caston. *See Caston v. Ft. Worth*,

3:06cv1304 (N.D. Tex., Dallas Div.), and *Caston v. Humana*, 3:06cv1305 (N.D. Tex., Dallas Div.).[1]

As search of the U.S. Party/Case Index reflects that Plaintiff abused the judicial process by his repeated filing of frivolous actions under the name of Charles Caston, filing at least 147 actions nationwide. Most recently, the United States District Court for the Southern District of Texas, Houston Division, enjoined Mr. Caston "from filing any action, complaint, or motion in the Southern District of Texas without first obtaining leave from the Chief Judge of the United States District Court for the Southern District of Texas." *See Caston v. City of Houston*, 4:06cv0915, 4:06cv0917, and 4:06cv0922 (S.D. Tex., Houston Div., Jun. 16, 2006). The Southern District noted that Plaintiff's conduct had continued, virtually unabated since 2003. *See id.*

In light of the above sanctions and abusive filing history, the undersigned issued a questionnaire to Plaintiff on August 10, 2006, inquiring if Plaintiff is known by any name other than Charles Muhammad, and whether he has ever filed any lawsuit in any court under any name other than Charles Muhammad.

The Fifth Circuit Court of Appeals has approved the use of questionnaires as a proper method to develop the factual basis of a *pro se* complaint. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint); *Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under former

---

[1] The Clerk's office staff has advised the undersigned that Plaintiff Muhammad is one and the same as Plaintiff Caston.

§ 1915(d) is proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint).

As of the date of this recommendation, Plaintiff has neither submitted his answers to the magistrate judge's questionnaire nor sought an extension of time to do so.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998);  *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Because Plaintiff has been given ample opportunity to submit his answers to the magistrate judge's questionnaire, but has failed or refused to do so, this action should be dismissed without prejudice for want of prosecution.  *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).

To ensure that Plaintiff files no additional frivolous actions in the Northern District of Texas, the District Court should bar Plaintiff from filing any new action, under the names of Charles Muhammad, Charles Caston, or any other assumed name, unless the complaint is accompanied by the $350 filing fee or unless Plaintiff has first obtained leave to file from a

Judge of the United States District Court for the Northern District of Texas. "Although the judicial system is generally accessible and open to all individuals, abuse of the process may result in actions to protect the courts' ability to effectively control the numerous matters filed therein." *Kaminetzky v. Frost Nat. Bank of Houston*, 881 F.Supp. 276, 277 (S.D. Tex. 1995).

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED without prejudice for want of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure, and that Plaintiff's motions for protective order and for leave to proceed *in forma pauperis* (Docket # 2 and #3) be DENIED.

It is further recommended that Plaintiff be ENJOINED from filing any new action in this Court, under the names of Charles Muhammad, Charles Caston, or any other assumed name, unless the complaint is accompanied by the $350 filing fee or unless Plaintiff has first obtained leave to file from a Judge of the United States District Court for the Northern District of Texas.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 16th day of October, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.